## C. Dussuau *v.* Municipality Number One.

The commissioners appointed to assess the benefits and damages of opening a street in New Orleans, filed their tableaux; which was homologated. One of the owners of property took a devolutive appeal. The city authorities proceeded to open the street. The judgment was reversed, on the appeal. The party who had appealed then brought suit against the municipality, as a trespasser, for damages caused to his property by opening the street through it. *Held*: That the municipality, acting under a judgment of the court, was not a trespasser; but as the plaintiff's property had been taken without giving him compensation, as required by the Constitution, he was entitled to recover such damage as he actually sustained.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Benjamin* and *Micou*, for plaintiff. *R. Preaux*, for defendants. The judgment of the court was pronounced by

Preston, J. In 1845, the municipality took legal proceedings, under the act of 1832, for the purpose of opening Exchange alley from Customhouse to Bienville street, with a view to have an uninterrupted continuation of the same from the St. Louis Exchange to Canal street. A report was made by the commissioners appointed to assess the damages and benefits of the improvement to the adjacent proprietors. It was opposed by the plaintiff and others; and on the 24th of April, was referred back to the commissioners, to make a new report. In consequence of their delay in doing so, beyond the time fixed, some of the opponents applied to dismiss the proceedings; which was done. The case, however, was reinstated, and further time allowed to make the report.

The commissioners again failed to make their report, within the time prescribed; and a second application was made to dismiss the proceedings. But before it was done, some of the opponents had compromised, and the amended report was filed and homologated by the judgment of the court, on the 24th of June, 1847.

The present plaintiff took an appeal, without staying the execution of the judgment; and in January, 1849, it was reversed, on the ground that it was an *ex parte* judgment, as to him, he having no notice of the proceedings subsequent to the second reference to the commissioners; and that the delays and defaults of the commissioners were unreasonable. The case was remanded for further proceedings according to law. In the meantime, the judgment had been executed, by opening the alley. In doing so, the municipality took three feet and eight and a half inches front on Bienville street, by one hundred and twenty feet in depth, of the plaintiff's lot, and cut off so much from his three-story house erected on his property.

The plaintiff has brought this suit for damages, alleging that the municipality were trespassers, in taking his ground, and cutting down a part of his house; and claims the value of the ground taken, the whole house, and the loss of rent, as the measure of his damages. The defendants excepted to the petition, on the ground that the matters in controversy were pending in the proceedings of the municipality, for opening the alley; and that the plaintiff could have, under those proceedings, a full opportunity to secure his rights, without commencing a new litigation. The exception was overruled, on the ground that the plaintiff's

DUSSUAU
v.
MUNICIPALITY
No. ONE.

property was not taken under the law for opening streets, but by a trespass; and that he was no longer bound by that law.

The case was tried on its merits, and judgment rendered for $5000, the value of the house : $1000, the value of the ground taken; and $1080, the loss of one year's rent; amounting to $7080. The record of the proceeding for opening the alley was referred to, in support of the exception, and given in evidence, on the merits; and it was agreed, that the transcript already in this court should be used, in case of appeal. The municipality cannot be considered trespassers; having taken the plaintiff's ground, and part of his house, in pursuance of a judgment of court. The plaintiff was a party to the proceedings, and appealed from the judgment in the case. It was as binding upon him as upon any other party to the proceedings, until reversed or annulled. As he did not take a suspensive appeal, the other parties had a right to the execution of the judgment. The enjoyment of a great public and private interest, under a judgment, could not be delayed and sacrificed by an appeal, which did not stay execution. On the appeal, this court thought justice required that the plaintiff should have a further opportunity to establish greater damages than were allowed him, and to diminish the benefits with which he was charged; and remanded the case for further proceedings, with that view. The plaintiff did not choose to pursue his remedy in that case, but instituted the present suit. In this suit, the parties have done everything which they could have done, if the plaintiff's claim had been filed as a supplemental opposition to the report of the commissioners, in the proceedings for opening the alley. It is immaterial, therefore, whether the exception of the defendants should have been sustained or not. The whole merits of the case are before us; and *expedit respublicæ, ut sit finis litium.* The reports are before us, as evidence; their correctness testified to, as the opinions of skillful men, selected on account of their skill, for the very purpose of assessing the damages to be suffered by the plaintiff, in making the improvement.

*Leaumont,* one of the commissioners, was sworn as a witness in this cause. He is a real estate broker by profession, and knows the value of property. He testifies, that taking every thing into consideration, the plaintiff would have been fully compensated by the damages allowed him on the tableaux. He states, that the valuation made by him, was not a speculative one; but was based upon calculations made by him as commissioner, and on a serious examination of the premises.

*Legendre,* another commissioner, gives substantially the same testimony, and it was admitted, in order to expedite the trial, that if *Chaigniau* or *Correjolles,* the other commissioners, were in court, they would testify in the same manner. *Surgi,* a surveyor of the city, and a witness of great experience, considers that the opening of the alley doubled the value of property fronting upon it. The plaintiff's witnesses represent his property as greatly enhanced in value, by the improvement. Even his agent, examined as a witness, gives the opinion that it was increased in value twenty per cent. This rate, calculated on the value of the lot and new house, amounts to more than half the value of the old house taken down, leaving less than half its value as the plaintiff's actual damages.

It cannot be otherwise. The plaintiff, by the improvement, obtained a corner on Bienville street and Exchange alley, and a front on the latter of one hundred and twenty feet, the whole depth of his lot. He took down the old building, because, as a witness states, however much repaired, it would still be an old building. He erected new buildings, better adapted to the new character of his property, converted into a corner well suited for a coffee-house. It is true, the

new buildings cost him $7000; but then his rents have been nearly trebled. The house taken down was a good, but old building, suited only for a dwelling house and store, in the middle of a square, and rented at $1080 a year. The new buildings, stimulated by the improvement, it was proved on the trial, rented for upwards of three thousand dollars.

DUSSUAU<br>v.<br>MUNICIPALITY<br>No. ONE.

The removal of the customhouse to the vicinity, no doubt contributed to this increased rent. It probably would not have contributed much to the rent of the original buildings. It is very possible, too, that the opening of an alley between the St. Louis Exchange and the postoffice and Canal street, may have been a motive for moving the customhouse temporarily to that place.

We have every reason to believe, that the great increase of the plaintiff's revenue, was mainly owing to the opening of the alley; and think, that he should not have interposed, unreasonably, his property and oppositions to the like increase of the revenues of other proprietors in the vicinity.

The municipality, however, under the Constitution, had no right to destroy his house until they paid his damages; and so far as the judgment allows him a year's rent, amounting to $1080, it is approved. Considering, too, that the property was taken without previously paying an adequate compensation, not-withstanding the explicit provision of the Constitution to that effect, and that the plaintiff has been deprived, for a length of time, of the expenditures incurred by him in re-building his house, without interest, we think five hundred dollars may reasonably be added to the damages allowed him by the commissioners.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed, and that the plaintiff recover from the defendants, the sum of three thousand three hundred and seventy dollars, with interest from this date; the costs of the district court to be paid by the defendants; those of the appeal, by the appellee.

SLIDELL, J., dissenting. I would have been willing to make some reduction from the amount awarded by the district court, but I have doubts as to the extent of reduction proposed by my brethren. A good deal of the enhancement of value of the plaintiff's land, which enhancement exists for the time being at least, seems to me attributable to the temporary establishment of the customhouse in the immediate neighborhood. I think, also, there was some hardship, (perhaps not intentional,) in the course pursued towards the plaintiff.